

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CAROLINA TOBACCO COMPANY, | ) | Appeal No. 06-1170-KI |
| | ) | *(Bankruptcy Case No.: 05-34156-elp11)* |
| Debtor, | ) | |
| | ) | Chapter 11 |
| Settling States,[1] | ) | |
| | ) | |
| Appellant and Cross-Appellee, | ) | OPINION AND ORDER ON |
| | ) | MOTION FOR REHEARING |
| vs. | ) | |
| | ) | |
| Carolina Tobacco Company, | ) | |
| | ) | |
| Appellee and Cross-Appellant. | ) | |

---

[1]The "Settling States" refers to those states that entered into the tobacco Master Settlement Agreement in 1998. The term includes all of the United States except for Florida, Minnesota, Mississippi, and Texas (which settled their litigation with the tobacco industry separately), and six other jurisdictions - American Samoa, the District of Columbia, Guam, the Northern Mariana Islands, Puerto Rico, and the Virgin Islands. While Carolina is not currently selling its cigarettes in all of the Settling States, certain of the terms of its plan as originally proposed (and as requested in its cross-appeal) would affect all of those states and they have, accordingly, all joined the appeal.

Page 1 - OPINION AND ORDER

Tara J. Schleicher
Peter C. McKittrick
Farleigh Witt
121 SW Morrison, Suite 600
Portland, Oregon 97204

    Attorneys for Carolina Tobacco Company

Samuel R. Maizel
Pamela E. Singer
Pachulski Stang Ziehl Young Jones
   & Weintraub LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500

Karen Cordry
National Association of Attorneys General
750 First Street, NE, Suite 1100
Washington, D.C. 20002

    Attorneys for Settling States

KING, Judge:

Thirty-four states and the District of Columbia (the "States") filed a Statement of Election under 28 U.S.C. § 158(c) to have their appeal of the bankruptcy court's <u>Order Confirming Third Amended Plan of Reorganization Dated October 18, 2005 (As Modified February 24, 2006)</u> ("Order") heard by the District of Oregon. The debtor filed a cross-appeal. The Court entered an Opinion and Order (#621) on January 8, 2007 affirming the bankruptcy's court's Order and dismissing the appeals. The States have filed an Amended Motion for Rehearing of Opinion and Order (#625).[2]

///

---

[2] The States filed an initial and an amended motion. The Court reviews only the amended motion and dismisses the initial motion as moot.

Page 2 - OPINION AND ORDER

## LEGAL STANDARDS

Federal Rule of Bankruptcy Procedure 8015 provides that "a motion for rehearing may be filed within 10 days after the entry of the judgment." Although Rule 8015 "does not explicitly provide a standard for granting [a motion for rehearing,]" the Ninth Circuit employs the standard in Federal Rule of Appellate Procedure 40 because "the Advisory Committee Notes to Rule 8015 state that it was an adaptation of Fed. R. App. P. 40(a)." In re Fowler, 394 F.3d 1208, 1215 (9th Cir. 2005). Federal Rule of Appellate Procedure 40(a)(2) requires that the motion "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended."

## DISCUSSION

I.  Whether the Motion for Rehearing was Timely

Federal Rule of Bankruptcy Procedure 8015 requires that a motion for rehearing be filed "within 10 days after entry of judgment of the district court."[3] The Opinion and Order affirming the decision of the bankruptcy court was entered on January 8, but the States' motion was not filed in this court until January 19, 2007. Carolina informs the court that the States filed the motion with the Bankruptcy Court on January 18.[4] However, under Federal Rule of Bankruptcy Procedure 8011, all motions are to be filed with the "clerk of the district court." In addition, after

---

[3]Under Federal Rule of Bankruptcy Procedure 9006(a), "When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Cf. Federal Rule of Civil Procedure 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.").

[4]The States did not file a motion for extension of time, did not seek permission to file a reply to respond to Carolina's untimeliness argument, and did not attempt to make a showing of "excusable neglect." See Federal Rule of Bankruptcy Procedure 9006(b)(1).

Page 3 - OPINION AND ORDER

all appeal-related briefing had been received, this court directed the parties in a Civil Case Assignment Order to file any further submissions with the district court. Although the States' motion may have been timely filed with the bankruptcy court, it was not timely filed in this court. Accordingly, the States' motion for rehearing was filed too late and it is denied.

II.     Merits of the Motion

Even if the motion were filed in a timely manner, the States have identified no reason compelling this court to revise its Opinion and Order.

## CONCLUSION

Based on the foregoing, the States' Amended Motion for Rehearing (#625) is denied and the initial motion (#622) is moot.

IT IS SO ORDERED.

Dated this 26th day of March, 2007.

_____
Garr M. King
United States District Judge